UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| United States of America, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | Case No. 0757   1:18CR00223-1 |
| Peter Bernegger, | ) ) ) | |
| Defendant. | ) | |

*U.S. District Court Wisconsin Eastern*
*MAY 1 3 2019*
*FILED*
*Stephen C. Dries, Clerk*

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO STAY MAY 17, 2019 HEARING

The US Probation Office of the Eastern District of Wisconsin has alleged Defendant Peter Bernegger has violated his probation. Doc.11. A notice for Bernegger to appear on May 17, 2019 was signed by the Judge of this Court. Bernegger received the notice on May 6, 2019 via US Mail.

First, the Government and Probation Officer are attempting to enforce an order which does not exist. Asking Judicial Notice be taken no court order exists setting out the manner of payments pertaining to restitution. Worse however, they knew no order existed before they filed the Petitions Doc.2 and Doc.11. Thus, they have committed a fraud on the court as officers of the court in addition to knowingly violating federal law and Bernegger's rights of due process, equal protection. They have lied under sworn declaration to this Court by filing those false, fake, Petitions.

Next, the Petition the Probation Office filed with the Court promotes a factual scenario which is not correct or true. Specifically the Probation Office wrote:

*"On 9/22/16, Mr. Bernegger was before the Honorable Judge Michael Mills in the Northern District of Mississippi for a revocation hearing due to not paying his restitution."* Doc.11 p.1.

Bernegger has never had restitution *"due"* or to pay, thus the part of   *"...not paying*

*his [Bernegger's] restitution"* is false. The reason is no manner of payment or payment schedule, as defined by law, concerning restitution was ever ordered by any court. In fact, no court hearing pertaining to restitution was ever held on the manner of payment issue either - something that was also required by law. Now that both events are being promoted by the Government and Probation Office as having taken place some unknown time in the past by some unknown court in the past, the Government and Probation Office, and Officers there of, are each gravely violating Bernegger's rights of due process and equal protection. Court Officers Kevin Norman and AUSA Andrew Maier are lying to this Court. Enclosed is a motion for the Government and Probation office to produce proof a restitution hearing took place, to produce the manner of payment for restitution order directed at Bernegger and to produce proof he was served said order. That key motion will be one proof to the Court no hearing or order was ever undertaken/issued for Bernegger to pay monthly restitution payments. It makes the Petitions Doc.2 and Doc.11 worthless along with showing this Court Kevin Norman and Andrew Maier have perpetrated a fraud on this Court. Each knew before filing the Petitions there was no restitution hearing which made a determination of restitution manner of payment. Each knew before filing the Petitions Bernegger never had a hearing on restitution from the date he was released up to and including today. A hearing was required by the May 2010 Judgment In a Criminal Case document. See Doc. 202 in U.S. v Bernegger, 1:07-cr-176 N.D. of Miss. US District Court, p.7 section F. Each knew before filing the Petitions no court has ever set or ordered a monthly dollar amount for Bernegger to pay. Thus, the motion to produce must be heard and ruled upon first before the May 17 hearing.

Third, the Government and Probation Office has attempted to pull the wool over this Court's eyes by falsely claiming in their Petitions Doc.2 and Doc.11 that

Bernegger already once violated probation by not paying restitution. See Doc. 11 p.1. <u>But this is not true.</u> That issue is more historical in nature dealing from the beginning of Bernegger's probation period in 2014 up until April 14 of 2017 (per the current Petition Doc.11 p.1). Hence, it is appropriate to settle it issue before any hearing is held on the alleged probation violation of not paying restitution from April 14, 2017 until the present day. If that issue was also addressed at the currently scheduled May 17 hearing (set for 2pm) much more time would be needed as in at least one full day if not 1.5 days of the Court's time. Plus, additional documents and witnesses would be needed by Bernegger for his defense. He would need time to obtain those, time to send subpoenas to witnesses too.

Fourth, Bernegger needs additional time to research, write and file additional pleadings over turning the guilty plea at the last Mississippi Court appearance in April of 2017. The Probation Office and Government committed fraud on the court as officers of the court by filing a fake, fraudulent petition claiming Bernegger never paid restitution. As already mentioned there was no restitution order as required by law - ever. There never was any hearing either which was required by law and per Bernegger's constitutional rights. He needs additional time to write and file these new Pleadings.

Fifth, in other pleadings enclosed and filed the same day Bernegger has challenged this Court's jurisdiction in this case. It is mandated jurisdiction is now proven on the record by Plaintiff The U.S. Government. *"Once the court establishes a method of restitution and a payment schedule, the probation office may administer and enforce the order. Id. § 3663(h)"*. <u>US v. Mohammad, 53 F. 3d 1426 @ 1438-39 Court of Appeals, 7th Circuit 1995.</u> No method of restitution or payment schedule exists. Officers of the court Norman and Maier knew this before filing the Doc.2,

Doc.11 Petitions. They knew it because they also knew the required steps in the Judgment in A Criminal Case Doc.202 p.7 section F <u>U.S. v. Bernegger, 1:07-cr-176 N. D. Miss. (2010)</u> were never carried out by any court. Proof is shown too where neither Petition states what the monthly dollar amount is, or was supposed to be. Neither Petition has any court order attached to it, or cited in it, showing what the manner of payments or payment schedule per law (3664(f)(2)(A),(B),(C)) is supposed to be.

## CONCLUSION

Additional reasons as to why the May 17 hearing should be stayed are in Bernegger's enclosed Memorandum In Support of Contempt Motions To Find Contempt with sworn Affidavit attached to it fully within. He fully incorporates that Memorandum here, in support. For the reasons above and of those in the Memorandum just cited, this motion must be granted.

Respectfully Submitted,            May 12, 2019

Peter Bernegger
Defendant - Pro Se
1806 Brynnwood Trace
New London, WI   54961
1-920-810-8339