```
                    UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF WISCONSIN
                       GREEN BAY DIVISION
-------------------------------------------------------------
 UNITED STATES OF AMERICA,          )
                                    )
                    Plaintiff,      )   Case No. CR 18-223
                                    )   Green Bay, Wisconsin
       vs.                          )
                                    )   July 12, 2019
 PETER BERNEGGER,                   )   3:30 p.m.
                                    )
                    Defendant.      )

-------------------------------------------------------------
```

**TRANSCRIPT OF REVIEW HEARING**
BEFORE THE HONORABLE WILLIAM C. GRIESBACH
UNITED STATES CHIEF DISTRICT JUDGE

APPEARANCES:

```
 For the Government:         United States Department of
                             Justice (WI-ED)
                             Office of the US Attorney
                             By: WILLIAM J. ROACH
                             205 Doty St - Ste 301
                             Green Bay, Wisconsin 54301-4541
                             Ph: 920-884-1066
                             Fax: 920-884-2997
                             william.j.roach@usdoj.gov


 For the Defendant:          PETER M. BERNEGGER
                             3415 Park Dr
                             Sturgeon Bay, WI 54235
                             Ph: 920-810-8339
                             PRO SE


 U.S. Probation Office:      AMY J. KOSMOSKI




 U.S. Official Transcriber:  JOHN T. SCHINDHELM, RMR, CRR,
 Transcript Orders:          WWW.JOHNSCHINDHELM.COM

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.
```



1

1    TRANSCRIPT OF PROCEEDINGS

2    Transcribed From Audio Recording

3                    *     *     *

4          THE COURT:  Be seated.

5          THE CLERK:  The court calls Case No. 18-CR-223, United

6    States of America vs. Peter M. Bernegger for a review hearing.

7    May I have the appearances, please?

8          MR. ROACH:  Good afternoon.  William Roach on behalf

9    of the Government.

10         MR. BERNEGGER:  Peter Bernegger for Defendant.

11         THE COURT:  And?

12         PROBATION OFFICER:  Amy Kosmoski on behalf of

13   Probation.

14         THE COURT:  All right, thank you.

15         MR. BERNEGGER:  Ah, Your Honor, I object to Amy

16   Kosmoski being here.  There's a court order that she was removed

17   from my case for some vulgar activity that she did in front of

18   myself and my parents who were witnesses.  And I believe you

19   signed the order -- or, I forget the magistrate judge.  I move

20   immediately that you disqualify Amy Kosmoski from this case as

21   she already has been.  It's on the record in the court order.

22         THE COURT:  I don't know of this order, Mr. Roach.  Do

23   you know what he's talking about?

24         MR. ROACH:  Right.

25         MR. BERNEGGER:  And I move for a continuance until

1  there's a --

2          THE COURT:  No.  Sit down.  Sit down.

3          MR. BERNEGGER:  -- probation officer --

4          THE COURT:  Ms. Kosmoski, do you know what he's

5  talking about?

6          PROBATION OFFICER:  I do, Your Honor.

7          I supervised Mr. Bernegger on pretrial.  He was still

8  a district in Mississippi case at that time, so any order that

9  would have been made would have been through the district in

10  Mississippi.

11          THE COURT:  And was there an order disqualifying you

12  or removing you?

13          PROBATION OFFICER:  I just recall that my supervisor

14  took me off the case because he alleged that I high-fived a

15  secretary.

16          MR. BERNEGGER:  Objection, Your Honor.  The order is

17  issued by this court.  She was removed from my case.

18          THE COURT:  Well, I'm not going to remove her from the

19  courtroom.  My sense is she will not have much -- this is a

20  review hearing, Mr. Bernegger.  Probation isn't on trial here,

21  nor are you for that matter.  This is just a hearing that I set

22  at the time we set a payment schedule just to see how things

23  were going.

24          MR. BERNEGGER:  Your Honor, I object because there's a

25  petition out there that specifically states that I'm facing --

1  that is alleged against me that I'm facing a revocation of

2  probation.

3          THE COURT:  No, you're not.

4          MR. BERNEGGER:  And that's documented,

5  document no. 11, a petition filed by Kevin Norman.

6          THE COURT:  I explained this to you last time,

7  Mr. Bernegger.  When you were here last time before me I

8  explained that this was probably a mistake to say -- issue a

9  show cause why your term should not be revoked.

10          If you read the entire petition, you would have seen

11  that Probation was really asking that -- the last paragraph of

12  the petition:

13          "Since his supervised release commenced on September

14  23rd, 2014, Mr. Bernegger has resided in New London, Wisconsin.

15  He has no ties to the Northern District... intends to remain in

16  Eastern District of Wisconsin through his term of supervised

17  release.  Mr. Bernegger has recently reported that he has a job

18  waiting for him in Florida when his supervised release is

19  completed.  When asked why he can't accept the job now, he

20  stated the company *doesn't want to deal with the government*.  As

21  court intervention is necessary, we would ask Your Honor to

22  order a Notice to Appear to address his lack of payment and set

23  a more clear condition as far as restitution payment is

24  concerned.  Our office has previously asked Mr. Bernegger to

25  sign a waiver agreeing to modification of his conditions, but he

4

1   declined."

2          So I think if you had read it all, you would have seen

3   that they were seeking a modification.  And, in fact, this is

4   clear from document 2, which is the Request for Modifying the

5   Conditions or Term of Supervision with Consent of the Offender

6   they asked me at that time to modify.  I directed the clerk --

7   or without consent of.  I think I directed the clerk at that

8   time to accept jurisdiction and schedule a hearing for

9   modification of conditions.  This was back in December.

10          Unfortunately they accepted supervision, that got

11   done, but we did not -- the clerk's office didn't schedule the

12   hearing to modify your conditions.  Obviously conditions had to

13   be modified 'cause no one had set a payment schedule.  All that

14   read was that you owed whatever, I forget the amount, some --

15   over a million dollars in restitution, well over a million

16   dollars in restitution and had paid nothing.

17          And no one expects -- from what I know of your

18   financial resources -- you to pay over a million dollars in

19   restitution, even though that's apparently what the court found

20   you had defrauded people from, but they did expect you to make

21   some sort of good faith effort.

22          So when you were here last in front of me, I made it

23   clear that we were not seeking to revoke your supervision.  We

24   wanted to set a payment schedule.  I set a payment schedule.

25   And I took into consideration the fact that you were not -- did

1  not have rental or mortgage obligations, and that you seemed to

2  be healthy and you even told Probation at one time you had a job

3  waiting for you in Florida.

4       You indicated at that time that you had significant

5  health problems that prevented you from being able to hold a

6  job.  I said that would certainly be an excuse or a

7  justification for not making payments, but you would need to

8  establish that through medical reports.

9       Presumably if you have such severe health problems you

10  have doctors that you had seen that have noted your health

11  problems, that have put you under restrictions that somehow

12  prevent you from work.  You're supposed to provide that

13  information to your probation officer.

14       My understanding, though, from the memo I received,

15  and I think this was from Mr. Kevin Norman -- who apparently is

16  on vacation, Ms. Kosmoski?

17       PROBATION OFFICER:  Yes, Your Honor.

18       THE COURT:  So you're here to take notes, is that

19  essentially what your role is?  You're not supervising

20  Mr. Bernegger.

21       PROBATION OFFICER:  I'm not.  I've communicated with

22  Mr. Norman, though, about his compliance so that if the Court

23  should have any questions I'm prepared to answer.

24       THE COURT:  Yeah.  Well, it does seem to me from my

25  review of Mr. Norman's report that Mr. Bernegger was looking for

1  employment.

2       He has not provided the medical attention -- he's

3  provided a lot of medical information, but none that indicates

4  any severe medical condition that, you know, with restrictions

5  that prevent him from working.  But if I recall correctly, it

6  appeared he has consistently provided our office with employment

7  search efforts.  Also provided cash flow statements and things

8  of that nature.

9       So, Mr. Bernegger, I guess what we put it on for is to

10  address how you're doing.  And I recognize you want to go back

11  and make this your case against Probation, but that's not the

12  purpose of today's hearing.  I dismissed your action against the

13  probation agents.  If you want to bring that action, if you want

14  to appeal that, that's your choice.  This is about you, though,

15  it's not about Probation.

16       And the question here is what can you tell me about

17  your efforts to find employment or what medical conditions

18  really prevent you from being able to make some effort to pay

19  something toward the restitution.  And as I understand it, the

20  only payments made toward the immense amount of restitution you

21  owe is -- was through tax intercepts that happened not with your

22  assistance but despite your failure to make any payments.

23       So what can you tell me about your job search or your

24  medical conditions?

25       MR. BERNEGGER:  Well, then I want to call Amy Kosmoski

1   as my first witness to the stand to put on evidence and

2   establish a record, Your Honor.

3           THE COURT:  No, we're not going to have evidence.

4   Just tell me what you -- what your condition is.  She doesn't

5   know your condition.  You're the one --

6           MR. BERNEGGER:  I filed the --

7           THE COURT:  -- with direct knowledge of what you've

8   done and what your condition is.  Ms. Kosmoski has no

9   information.  She's here, as she said, simply to report to her

10  office and Mr. Norman.

11          MR. BERNEGGER:  I can use Ms. Kosmoski as a witness to

12  introduce evidence to the Court, answers that you're asking.

13          THE COURT:  No, I'm asking you.  I'm asking you what

14  have you done to try to find employment and what evidence do you

15  have or what is your medical condition?

16          MR. BERNEGGER:  You just asked me what evidence, but

17  you won't let me present it.  I object to that.

18          THE COURT:  Why would I not -- why would I ask

19  somebody else to tell me what you have done?

20          MR. BERNEGGER:  First, Your Honor, I asked to clarify,

21  is document no. 11, which is petition no. 2, filed on May 3rd,

22  is that dismissed?  Is that what I understand you just told me?

23          THE COURT:  Well, to the extent that it asks for

24  revocation, it's denied.

25          MR. BERNEGGER:  And that's the first I heard of that.

1       THE COURT:  Well, no, I explained this at the last

2   hearing, Mr. Bernegger.

3       MR. BERNEGGER:  I object.  I have a transcript with

4   me.  I've read it 10 times.  You did not dismiss this petition

5   of revocation against me.

6       THE COURT:  I didn't dismiss it.  I said no one was

7   seeking to revoke your supervision on that day.  And frankly, no

8   one is seeking to revoke your supervision now.

9       You were asked -- I modified the conditions, as I

10  indicated.  And the purpose of the modification was to have you

11  make some payments before your supervision expires, as I

12  understand it, in September.

13      I'm not sure, Mr. Roach, is there a basis or grounds

14  or a lawful way we can extend supervision so he can make some

15  payments or are we -- is this at the end of it and it becomes a

16  financial --

17      MR. ROACH:  This is a significant FLU issue.  The

18  defendant has been ordered.  I asked at the last hearing, made

19  clear that the defendant be ordered as a condition of his

20  release to comply with FLU documents.  The defendant has --

21      MR. BERNEGGER:  Objection, Your Honor.

22      MR. ROACH:  Can I finish?

23      THE COURT:  No, no.  Let him finish, Mr. Bernegger,

24  then I'll ask you your position.  He's not offering evidence,

25  he's offering a history and procedural information.

1          Go ahead, Mr. Roach.

2          MR. ROACH:  The government believes a reasonable

3    condition of his supervised release is that he comply with any

4    FLU requests, financial litigation unit requests from our office

5    to supply financial statements, financial documents in the

6    interests of continuing to honor his restitution requirement,

7    $1.725 million.

8          The defendant -- when I brought this to the attention

9    of the parties --

10          Again, the defendant's well aware of his FLU

11    requirements.  When I brought this to the attention of the

12    parties at the last hearing on May 24th, the Court agreed that

13    that was a valid condition of his supervised release, that he

14    comply with presenting any financial-related documents to

15    Probation, to the Court, to the FLU office, our office, and I

16    thought it was made clear.

17          THE COURT:  Is it not in the -- I think I modified

18    conditions and included the payment schedule, did it include the

19    financial responsibility reporting?

20          MR. ROACH:  The Court said the general phrasing of the

21    supervised release condition included and encompassed FLU.  It

22    does not specifically mention the acronym "FLU."

23          THE COURT:  What is the condition you're referring to?

24          MR. ROACH:  It's the -- I had it here a second ago.

25          (Brief pause.)

1        MR. ROACH:  The specific supervision conditions.  Had

2    it here a second ago.

3        THE COURT:  I see the order entered on May 24th --

4    actually June 4th.  Well, nunc pro tunc May 24th, modified the

5    conditions by adding that he uses best efforts to find and hold

6    lawful full-time employment, and that he pay restitution at a

7    rate of $100 per month or 20 percent of his net income,

8    whichever is greater.

9        Those were the conditions added at that time.  Were

10   there other conditions in the judgment itself?

11       MR. ROACH:  There are.  I know we discussed the

12   specific phrasing of that -- of the condition involving his

13   requirement to comply with submitting financial documents.

14       I know there's an order from the Northern District of

15   Mississippi.  It is document no. 454 in their case that reads,

16   "The defendant shall provide to the U.S. Probation Service full

17   disclosure of his financial status and fully cooperate regarding

18   his financial status while under supervision."

19       THE COURT:  Okay.  Mr. Bernegger, that would include

20   that you cooperate and provide the information that the FLU unit

21   of the U.S. Attorney in the Eastern District of Wisconsin needs

22   in order to assess and collect, if it's possible, restitution.

23   You may speak now and tell me what your objection is and why you

24   haven't done that.

25       MR. BERNEGGER:  I have several objections, Your Honor.

1   First off, I have given zero -- I was given zero notice that

2   this issue would be brought up today.

3           Also, I asked my probation officer twice, in writing,

4   to provide me with the written FLU condition.  Okay?  The court

5   order.  He never did, with the exception of the document that

6   Mr. Roach is just saying.

7           However, first off, the text order that was issued by

8   you yesterday on July 10th, document 97, says, quote, "The

9   hearing will address defendant's current efforts to pay

10  restitution and his explanations for his failure to do so.  If

11  additional time is necessary ..." blah, blah, blah.

12          I was not noticed that a FLU condition was going to be

13  heard today or argued today, and I had no adequate notice.  And

14  I would request again to call Amy Kosmoski to the witness stand

15  so I can enter evidence and show that that's not a condition.

16          MR. ROACH:  That's not true, Judge.  The update for

17  the 7/12/19 review hearing --

18          MR. BERNEGGER:  I'm not done yet.

19          MR. ROACH:  -- dated July 8th --

20          MR. BERNEGGER:  I'm not done yet.  Objection.

21          MR. ROACH:  -- July 8th --

22          MR. BERNEGGER:  I was looking for a document.

23          THE COURT:  Yeah.  What document are you looking for?

24          MR. BERNEGGER:  Document no. 56.

25          THE COURT:  Okay.  You look for your document.

1    Mr. Roach, what were you saying?

2    MR. ROACH:  Mr. Norman's update memo dated July 8th,

3  "Update for July 12th Review Hearing," specifically lists in his

4  recommendation:  "We would request that the Court order

5  Mr. Bernegger to fully cooperate with FLU and provide them with

6  any documentation they request."

7    Mr. Norman and Mr. Bernegger have gone back and forth

8  through May, June, July about the FLU documents.  Mr. Norman has

9  sent the FLU documents to Mr. Bernegger, Mr. Bernegger refuses

10  to fill them out.  He is in possession of what we want.

11    THE COURT:  Okay.  So he has been sent the FLU

12  documents, "FLU" meaning the financial litigation unit --

13    MR. ROACH:  -- unit.  Financial statements and such.

14    THE COURT:  And these are --

15    MR. ROACH:  Mr. Bernegger has responded saying *show me*

16  *the condition that requires me to fill these documents out*.

17    THE COURT:  And you have shown him.  You said, "with

18  the exception of the order that Mr. Roach read."

19    I take it, Mr. Bernegger, you have the order that

20  Mr. Roach read from the Northern District of Mississippi that

21  ordered you to comply with the providing of financial

22  information?

23    MR. BERNEGGER:  Oh, I have the transcript, Your Honor,

24  but it doesn't say that.

25    But first off, what he just read of on July 8th, I

 1  could not access on PACER.gov nor was I ever served a copy.  And

 2  that's the first I ever heard of it when he read those words, a

 3  July 8th document that Kevin Norman filed.  It's sealed.  I

 4  can't -- I can't look at it on PACER.  I did not receive it in

 5  the mail.  No one handed me a copy.

 6          THE COURT:  Okay.

 7          MR. BERNEGGER:  Okay?

 8          THE COURT:  Yeah, that's the problem --

 9          MR. BERNEGGER:  So I had no clue --

10          THE COURT:  That's a problem because I think

11  Mr. Norman is used to cases where attorneys are on both sides.

12  And if he's going to send a notice to -- for a review hearing,

13  he needs to give Mr. Bernegger a copy of the review hearings

14  that he would file with the court.  So, Ms. Kosmoski --

15          MR. BERNEGGER:  And, Your Honor, I object --

16          THE COURT:  Mr. Bernegger, let me -- don't talk over

17  me.

18          Ms. Kosmoski, would you remind Mr. Norman of that so

19  that --

20          PROBATION OFFICER:  I think --

21          THE COURT:  -- if he's going to send something to the

22  court that is going to be in the record concerning

23  Mr. Bernegger, Mr. Bernegger is not represented by counsel so he

24  needs a copy.  Is there a problem with that?

25          PROBATION OFFICER:  No.  I'll review it with the clerk

1    of courts, too.

2          THE COURT:  Okay.  Now, Mr. Bernegger, what were you

3    going to say?

4          MR. BERNEGGER:  Your Honor, the prosecutor, Mr. Roach,

5    is misrepresenting what the Mississippi court ordered.  And

6    first off, it's document no. 458.  It states on page 32, line 9,

7    "The defendant shall participate in a debtor's examination as

8    requested by the government."

9          I did.  I did that.  In fact, at the May 24th hearing,

10   Mr. Roach admitted that I did that.  It's in the transcript of

11   the May 24th hearing.  I complied with the FLU requirement.

12   There's no -- it doesn't even -- first off, it doesn't even

13   state the word "FLU" or "financial litigation unit" at all

14   anywhere.  Okay?

15         THE COURT:  Okay.  Let me go back to Mr. Roach.

16   Mr. Roach, did you say there was a separate order aside from

17   what Mr. Bernegger --

18         MR. ROACH:  I'm looking at an order.  It's document

19   no. 454 from the court.  And the order details reasons -- this

20   related to a prior revocation hearing where Mr. Bernegger wasn't

21   making restitution payments and doing other things, and this

22   specific order lists the same terms of supervised release that

23   he had always been under --

24         THE COURT:  Okay.

25         MR. ROACH:  -- prior to that.

 1          THE COURT:  Okay.  Let me make things clear,

 2   Mr. Bernegger.  Now, I recognize you did not receive notice that

 3   we would address FLU today and -- because you didn't get a copy

 4   of Mr. Norman's report to the court.  I don't find that

 5   prejudicial, though.  If I'm wrong you can tell me and you

 6   can -- you can ask for reconsideration.  But at this time I am

 7   going to order you to complete the financial litigation unit's

 8   questionnaire --

 9          Is that right, Mr. Roach?

10          MR. ROACH:  It's a debtor statement.  It's also

11   financial statement and related documents, including tax

12   returns, documentation of income, bank statements and the like.

13          THE COURT:  Okay.  I'm directing -- and these are the

14   documents that Mr. Norman has provided you.  I'm directing that

15   you complete those so that Probation has the information it

16   needs concerning your financial situation so they can assess

17   whether or not you're able to pay anything.

18          Now, how lengthy are these documents, Mr. Roach?

19          MR. ROACH:  They're multiple pages.  As the defendant

20   said, he was ordered to complete them in 2016, some time ago,

21   but --

22          THE COURT:  Ms. Kosmoski has a copy?

23          MR. ROACH:  -- time has passed.

24          THE COURT:  Can you show me?

25          Yeah, okay.  So it's entitled, "Financial Statement."

1  And it's in the United States District Court for the Eastern

2  District of Wisconsin.  And it is a seven-page form with a

3  attachment that asks -- you know, the listing of like furniture,

4  VCRs, things like that.  Tools.  And that attachment is -- four

5  pages.

6          So I'm going to direct that Mr. Bernegger complete

7  this financial statement and return it to Mr. Norman within two

8  weeks of today's date.  So that would be what, the 26th of July?

9  25th of -- no, July 26th.  Thank you.

10         And I don't find it prejudicial that Mr. Bernegger did

11  not have specific notice that this would be addressed.  I think

12  he's aware that his ability to pay restitution is really the

13  focus of the hearings.  And this relates to that.  So I'm going

14  to direct that you do that, Mr. Bernegger.  And we'll modify the

15  condition.

16         Do we have -- the conditions that he's under are

17  attached to the judgment of the district -- the judgment from

18  the District of -- the Northern District of Mississippi?

19         MR. ROACH:  I believe so.

20         THE COURT:  I think we should -- we need -- since now

21  I have this case and we've added conditions, I imagine I

22  should -- do I have jurisdiction to amend a judgment from that

23  court?  Or how -- I guess I'll just order that these conditions

24  apply.  And this condition and the other conditions, since this

25  court is now -- has the case transferred -- the case has been

1 transferred to me, I'll order that you do that, Mr. Bernegger.

2          I should have said at the outset, I know Mr. Bernegger

3 filed a number of motions today.  There's one that I think I

4 should address and should have addressed right away, that is,

5 demand for my recusal.  I'm going to deny that.  There is no

6 basis for my recusing myself.  I'm satisfied that I'm able to

7 deal with this case fairly and I think I've done so.  I also

8 don't want to turn -- or direct -- or transfer that case to

9 another judge in the district who are all overburdened.  And I

10 don't think they'd be in any better position to handle it than I

11 would be, especially since they're in Milwaukee and I'm in Green

12 Bay.

13          The other motions Mr. Bernegger have filed are

14 essentially against seeking to compel members of the probation

15 office to do certain things, to appear in certain ways; as he

16 said, provide him evidence.

17          There is no issue here today other than

18 Mr. Bernegger's ability and his history of trying to comply with

19 the conditions that we've imposed.  Mr. Bernegger is in the best

20 position to know that.  And Mr. Bernegger needs to establish

21 that there is some basis -- I'm not going to simply allow him to

22 call people whoever he wants for any purpose.

23          If he establishes that there is some cause, some

24 relevant purpose of calling a member of probation to testify,

25 I'd certainly listen to that.  But where the question I've asked

1  him is what have you done to find employment and what have you

2  done -- what are your physical problems that prevent you from

3  working, he's the one in the best position to know that.  And

4  Ms. Kosmoski is not a doctor, nor was she with him when he

5  complied, nor is she even the agent handling his case.  And

6  whatever the agent would have would have come presumably from

7  Ms. Kosmoski.

8          Mr. Norman, although, like I said at the beginning,

9  has indicated that it appears that "Mr. Bernegger has

10  consistently provided our office with employment search

11  efforts."  And Mr. Norman isn't here.

12          So I take it from Mr. Norman's update to the review

13  hearing -- and a copy of this should be provided to

14  Mr. Bernegger.  I'll direct the clerk to mail it to him.

15          But, Mr. Roach, am I correct, there's no action being

16  sought in terms of revocation, or there's no allegation that he

17  has failed to comply with the conditions of supervised release

18  that I sent?

19          MR. ROACH:  Other than the FLU related matter and the

20  Court's addressed that here today.

21          THE COURT:  Yeah, we've made that clear now to the

22  extent that it wasn't already clear to Mr. Bernegger that he

23  needs to complete that.  And so I'll --

24          MR. BERNEGGER:  Your Honor, I was waiting to -- I

25  don't want to overtalk, over-speak you, but I'm objecting to the

1    FLU condition.  The FLU condition is a special condition.  I was

2    required by the Seventh Circuit, it's mandated that I'm noticed

3    well in advance of the hearing that a special condition would be

4    imposed, whether it's modified or added, before the hearing

5    starts, which means at least three days according to the Seventh

6    Circuit.

7          And I'm also required to be noticed in advance, a Rule

8    32.1(b)(2)(A) and (B).  And the Seventh Circuit backs it up that

9    I'm supposed to be noticed if it's mandated.  If it's a special

10    condition, I have to be adequately noticed well before the

11    hearing starts and I wasn't.  I object to that.

12          MR. ROACH:  Judge, this is not a new condition.  The

13    order that was previously in place not only referenced the

14    financial document requirement, but there was also a specific

15    supervised release condition that he shall submit to a debtor's

16    examination conducted by the FLU unit of the U.S. Attorney's

17    Office.

18          That's a little ambiguous.  It came to the court from

19    Mississippi, whether it's referencing this court or whether it

20    was simply referencing the supervised release that was in

21    existence in '16.  So it's been a part of his condition.

22          MR. BERNEGGER:  No, objection, Your Honor.

23          THE COURT:  Okay.

24          MR. ROACH:  We're just asking for a new --

25          THE COURT:  Okay.  Hold on a minute.  Hold on a

1　minute.

2　　　　MR. ROACH:  We're simply asking for a new exam because

3　the other one is dated, at this point.

4　　　　THE COURT:  Okay.  Okay.  Mr. Bernegger?

5　　　　MR. BERNEGGER:  I move to strike that written order

6　because the verbal order in document no. 458, page 32, line 8

7　and 9 -- I'm sorry, 9 and 10, line 9 and 10 -- takes precedence

8　over a written order.  So I move to strike the written order.

9　　　　THE COURT:  The oral order says what, that you did

10　comply with that?

11　　　　MR. BERNEGGER:  The oral order says, again -- and this

12　is document no. 458, page 32, lines 9 and 10.  It says, "The

13　defendant shall participate in a debtor's examination as

14　requested by the government."  I did.  I did it.

15　　　　THE COURT:  Okay.

16　　　　MR. BERNEGGER:  Mr. Roach admitted I did it at the May

17　24th hearing.

18　　　　THE COURT:  Okay.  So your argument is that you've

19　complied with that condition.

20　　　　MR. BERNEGGER:  I have.

21　　　　THE COURT:  All right.  I'm going to vacate my

22　previous order.  We're going to be back in this court on next

23　Friday, July 19th, at 3:30 in the afternoon.  And the issue to

24　address is the addition of the FLU financial responsibility

25　statement.  Mr. Bernegger, be prepared to address it.

1      I am proposing that you be given one week until July

2  26th to complete that form.  You can argue to the contrary next

3  week and tell me why that should not be ordered based upon your

4  crime and the history in the case, and I'll listen at that time.

5      MR. BERNEGGER:  Your Honor, I already have a motion

6  filed a couple weeks ago regarding challenging the FLU where the

7  Tenth Circuit Court of Appeals, the D.C. Circuit Court of

8  Appeals, the Federal Tax Court all ruled that FLU cannot meddle

9  in a district court's restitution order and cannot take any

10  steps whatsoever to collect the data.

11      THE COURT:  Okay.  I will look at your motion.

12      MR. BERNEGGER:  It's already on the record.

13      THE COURT:  It's document number what?

14      MR. BERNEGGER:  I don't have the document number

15  handy.

16      THE COURT:  Okay.  Well, I will review that motion.

17  Mr. Roach, you review it as well, and be prepared to respond.

18      MR. ROACH:  Thank you.

19      THE COURT:  Okay.  Anything else?

20      MR. BERNEGGER:  Yes, Your Honor.  On your text order

21  yesterday it says my "explanations for his failure" -- me -- to

22  pay restitution.  I paid the restitution, the hundred dollars.

23  I paid it on June 23rd.

24      THE COURT:  Well, that's not restitution, that's

25  your -- oh, you paid a hundred dollars?

1    MR. BERNEGGER:  I paid a hundred dollars.

2    THE COURT:  So you have been making your payments.  So

3    you're making the payments and you're looking for employment.

4    MR. BERNEGGER:  But I would move the Court to change

5    the docket to correct it so it's accurate.

6    THE COURT:  Okay.  Well, if you've made payments --

7    and I didn't realize that because I thought you were unable to

8    find employment and that your health prevented you from making

9    payments.  So I'll direct that the clerk, the minutes reflect --

10   First of all, Ms. Kosmoski, is that -- the clerk

11   indicates he's made the payment?

12   MR. ROACH:  The updated memo indicates that defendant

13   made a payment, one $100 payment, on May 24th.

14   THE COURT:  May 24th.  Has he made a payment since

15   then though?

16   MR. ROACH:  The update memo dated July 8th does not

17   indicate any other payments.

18   THE COURT:  Did you make a payment after that?

19   MR. BERNEGGER:  No, I did not.  I made a payment on

20   June 23rd.  And I want to submit to the Court the receipt for

21   it.

22   THE COURT:  No, Ms. Kosmoski is admitting that.  Is

23   that right?

24   PROBATION OFFICER:  The report lists that he made a

25   payment on June 21st.

1          THE COURT:  Okay.  And we're in July.  So he's

2    current.  So the minutes should reflect that Mr. Bernegger is

3    current on his payments.

4          MR. ROACH:  My error.  I looked at the wrong date.

5    June 21st.

6          THE COURT:  Okay.  So, you know -- so we'll address

7    that additional condition next Friday at 3:30.

8          And we will address Mr. Bernegger's argument that such

9    a condition is improper based on caselaw in other circuits.  I'm

10   not sure it meddles in restitution orders.  Ultimately it does

11   seem to me when someone owes $1.7 million in restitution as a

12   result of a criminal conviction, it does seem that getting

13   financial information from that person is a reasonable effort to

14   enforce the judgment.  But I'll look and see if Mr. Bernegger

15   has --

16         MR. BERNEGGER:  Your Honor, what I'd like to state for

17   the record is that on June 3rd is the very first time ever that

18   Kevin Norman or anybody else asked me for FLU information with

19   the exception back in 2016, which I already satisfied.

20         THE COURT:  Okay.

21         MR. BERNEGGER:  June 6 is when Mr. Norman emailed me

22   requesting probationary forms, Probationary Form 48 and 48B to

23   be filled out, which is a net worth statement and a cash flow

24   statement.  I filled those out and they were returned to him on

25   time.  He has my financial information already.

1              THE COURT:  Okay.  Well, that's --

2              PROBATION OFFICER:  That's accurate, Your Honor.

3              THE COURT:  That's accurate.  Mr. Roach, now, FLU is

4    getting ready for a time when he's off probation or off his

5    supervision?

6              MR. ROACH:  Yes.

7              THE COURT:  And his five years on supervision will

8    expire in September.

9              MR. ROACH:  Correct.  That's why it's imperative that

10   FLU has those documents and can start making plans for attempted

11   collection of restitution and making victims whole.

12             THE COURT:  And, Mr. Bernegger, is it your position

13   that FLU is not entitled to that information at all or just not

14   now?

15             MR. BERNEGGER:  The three case laws that I cited in

16   brief, but they are written in detail in the pleadings that are

17   before this court, filed maybe two weeks ago, maybe three weeks

18   ago --

19             THE COURT:  Mr. Bernegger, you file an awful lot.

20   Just let me say that.  You file so many things.  And in all

21   honesty, I don't have time to keep up on it all.

22             MR. BERNEGGER:  It has been ruled by two federal

23   circuit courts and also the Federal Tax Court, and those cases

24   are cited in my pleadings, is that they have determined by a

25   statutory construction is that FLU has no business getting

1   involved in a U.S. district court's restitution order until the

2   person is off of probation.

3           THE COURT:  Okay.

4           MR. BERNEGGER:  And it's the same thing as if the BOP

5   was meddling right now in my restitution when I'm on supervised

6   release.  They don't have any authority to do it.  And that's

7   what those three federal courts ruled.

8           THE COURT:  Okay.  Were those collection efforts or

9   efforts to get information?

10          MR. BERNEGGER:  It was both.  And the rulings were

11  stating specifically that any attempt for a debt collection

12  could not be done specifically when the person was current on

13  his restitution-ordered monthly payment, which I am.

14          THE COURT:  All right.

15          PROBATION OFFICER:  So, Your Honor, it's very common,

16  in fact, a practice of our office to connect the financial

17  litigation unit and our clients as they prepare to be

18  terminated, our office typically makes a recommendation about

19  whether someone is willfully paying or willfully not paying, and

20  in that consideration we consider their willingness to cooperate

21  with FLU.

22          So I do just want to put on the record that if

23  Mr. Bernegger refuses to cooperate with FLU, that would be

24  something our office would consider then in a recommendation

25  about his supervision continuing or not continuing.

1      THE COURT:  Is there -- I mean, is there a possibility

2  that your office may recommend a extension of supervision of

3  Mr. Bernegger?

4      PROBATION OFFICER:  I believe --

5      THE COURT:  He had five years.

6      PROBATION OFFICER:  Correct.

7      THE COURT:  That's the maximum amount.

8      PROBATION OFFICER:  I'm not certain on that.

9      THE COURT:  Yeah.  Well, that issue isn't here.  And

10 certainly we would certainly want to give lots of notice before

11 we did that.

12     PROBATION OFFICER:  Right.

13     THE COURT:  Mr. Bernegger, if you remain current and

14 you're right in your interpretation of FLU, then I won't

15 reimpose that condition.  I'll look closely at both those cases.

16     Okay.  Anything else?

17     MR. BERNEGGER:  No.

18     MR. ROACH:  No.

19     THE COURT:  All right.  Thank you.

20     (Hearing concluded at 4:05 p.m.)

21                         *     *     *

22

23

24

25

            C E R T I F I C A T E


        I, JOHN T. SCHINDHELM, RMR, CRR, Official Court

Reporter and Transcriptionist for the United States District

Court for the Eastern District of Wisconsin, do hereby certify

that the foregoing pages are a true and accurate transcription

of the audio file provided in the aforementioned matter to the

best of my skill and ability.


Signed and Certified July 26, 2019.

/s/John T. Schindhelm

John T. Schindhelm


            John T. Schindhelm, RPR, RMR, CRR
            United States Official Reporter
            517 E Wisconsin Ave., Rm 236,
                Milwaukee, WI 53202
            Website: WWW.JOHNSCHINDHELM.COM

