```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF WISCONSIN
                          GREEN BAY DIVISION
------------------------------------------------------------------

 UNITED STATES OF AMERICA,          )
                                    )
                   Plaintiff,       )   Case No. CR 18-223
                                    )   Green Bay, Wisconsin
     vs.                            )
                                    )   July 19, 2019
 PETER BERNEGGER,                   )   11:01 a.m.
                                    )
                   Defendant.       )

------------------------------------------------------------------
```

### TRANSCRIPT OF REVIEW HEARING
BEFORE THE HONORABLE WILLIAM C. GRIESBACH
UNITED STATES CHIEF DISTRICT JUDGE

APPEARANCES:

| | |
|---|---|
| For the Government: | United States Department of Justice (WI-ED) Office of the US Attorney By: WILLIAM J. ROACH 205 Doty St - Ste 301 Green Bay, Wisconsin 54301-4541 Ph: 920-884-1066 Fax: 920-884-2997 william.j.roach@usdoj.gov |
| For the Defendant: | PETER M. BERNEGGER 3415 Park Dr Sturgeon Bay, WI 54235 Ph: 920-810-8339 PRO SE |
| U.S. Probation Office: | KEVIN NORMAN |
| U.S. Official Transcriber: Transcript Orders: | JOHN T. SCHINDHELM, RMR, CRR, WWW.JOHNSCHINDHELM.COM |

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.



1

1  TRANSCRIPT OF PROCEEDINGS
2  Transcribed From Audio Recording
3  * * *
4  THE CLERK: The Court calls Case No. 18-CR-223, United
5  States of America vs. Peter M. Bernegger for review hearing.
6  May I have the appearances, please?
7  MR. ROACH: Good morning. William Roach on behalf of
8  the Government.
9  THE COURT: Good morning.
10 MR. BERNEGGER: Peter Bernegger, the Defendant.
11 THE COURT: Good morning.
12 PROBATION OFFICER: Good morning, Your Honor. Kevin
13 Norman on behalf of the U.S. Probation.
14 THE COURT: Okay. Good morning, all.
15 So we put this on the calendar last week to give
16 Mr. Bernegger an opportunity to I guess address the requirement
17 that he comply with conditions of supervision by completing the
18 FLU, or the Financial Litigation Unit form that Probation had
19 directed him to complete.
20 Mr. Bernegger said he had cited a case that said there
21 was no obligation to do so. The cases I've looked at do not say
22 anything about the FLU forms. And, in fact, Mr. Bernegger's
23 judgment of conviction lists as a condition that he provide the
24 probation officer with access to any requested financial
25 information. This is no. 1 of the special conditions on the

1  original judgment of conviction.
2          And then the -- more recently the --
3          MR. ROACH: I have a copy of the order.
4          THE COURT: -- order entered by the court directs
5  Mr. Bernegger to -- I found him -- in fact, it found violations
6  for his failure to make restitution payments. This was the
7  order of a court in Mississippi.
8          I copied that, Mr. Roach, but apparently I may not
9  have brought it out here. Do you have --
10         MR. ROACH: I have an extra copy. Mr. Bernegger's
11 been provided a copy of that as well.
12         THE COURT: And Mr. Bernegger would have received a
13 copy. He's the party, he was in Mississippi.
14         So, yeah, his failure to pay restitution since the
15 beginning of his term. This is document no. 454 in his case in
16 07-CR-176 for the United States District Court for the Northern
17 District of Mississippi. So ....
18         MR. ROACH: Page 2 of that order details the
19 additional orders the court imposed at that supervised release
20 hearing, notably, condition no. 3: "Defendant shall submit to a
21 debtor's examination conducted by the FLU unit." And no. 5:
22 "Defendant shall provide U.S. Probation --"
23         Again, this is restating what was in the amended
24 judgment: Provide U.S. Probation full disclosure of his
25 financial status. Fully cooperate regarding his financials.

1 THE COURT: Yeah, this order was entered on September
2 26, 2016.
3 So I don't see any difficulty. Frankly, it was
4 unnecessary for me to even add a condition. He's already
5 required to comply with reasonable conditions, directions of his
6 probation officer. He's required to disclose his financial
7 information.
8 The FLU unit is making no effort to collect at this
9 time. Mr. Bernegger is correct that the case he cited stands
10 for the proposition that where he's under supervision and the
11 court has a condition requiring that he pay restitution or that
12 he make payments toward restitution, the Financial Litigation
13 Unit of the U.S. Attorney is not involved at that stage as I
14 understand it.
15 And, in fact, Mr. Roach, you're not -- you're not --
16 the Financial Litigation Unit of your office isn't planning on
17 getting involved until his supervision is terminated; is that
18 right?
19 MR. ROACH: I guess "involved" is the operative phrase
20 there. But you're right, the court -- my review of the caselaw
21 is that if there's an order in place like there is here, the
22 defendant pay $100 in restitution and FLU gets involved and
23 starts asking -- garnisheeing wages and obtaining other
24 judgments that exceed what his terms of supervised release are,
25 that gets into a problem.

But here the FLU unit is merely going to be collecting, reviewing financial documents in anticipation of the civil remedies that will come into play when the term of supervised release ends.

THE COURT: And supervised release is scheduled to end in September. Correct?

MR. ROACH: Yes.

THE COURT: And he still owes over $1.7 million in restitution.

MR. ROACH: Yes.

THE COURT: But he's compliant so far. At least he's compliant with this court's order that he pay a minimum of a hundred dollars a month. He's not compliant with getting a job, although it does appear he was seeking a job.

And the issue of medical problems that prevent him from full-time employment is still up in the air. He's submitted an affidavit of his own, but that's all hearsay. I expect doctor records to document a medical condition that would prevent him from obtaining employment.

Nevertheless, I think realistically no one in this courtroom really believes Mr. Bernegger will suddenly come up with a job that will allow him to pay much if any of restitution. That's not his history. He -- whether it's due to a disability or a medical problem or a psychiatric problem or just inability to find jobs, it's -- when someone really doesn't

1   want to work it's very difficult to force them to work.  And if
2   he's paying a hundred dollars a month about, from whatever
3   source, he's complying with the minimal payment requirements of
4   the court.
5           So, Mr. Bernegger, number one, I'm denying your motion
6   to strike the Government's brief.  I didn't set a briefing
7   schedule here.  The Government could have walked in today and
8   just made this argument in person and it would have been fine.
9           I put this hearing on to give you an opportunity to
10  address or to make your argument or -- because you said you
11  didn't have time last time, you had no notice that they were
12  seeking to impose a requirement that you complete the Financial
13  Litigation Unit's form.  We gave you additional time.  But now,
14  as I look at the judgment, as I look at the previous orders of
15  the Northern District of Mississippi, the requirement that you
16  fill that form is well within those conditions.
17          So you're to complete that form.  But what do you want
18  to say?  I'm not striking the brief.  That motion's denied.
19  What else do you want to tell me?
20          MR. BERNEGGER:  Your Honor, I have complied with the
21  condition of providing my probation officer with any requested
22  information.
23          THE COURT:  Not *any* requested information.  He's asked
24  you to complete the Financial Litigation Unit form.  That's
25  additional information.  You're to do that.  If you don't do

1  that, it will be considered a violation.  Go on.
2          MR. BERNEGGER:  Your Honor, that -- I didn't finish my
3  argument.  The request did not come from my probation officer.
4  And the request was not to send the information to the probation
5  officer, but to FLU.  So FLU requested the information, not my
6  probation officer.
7          THE COURT:  Mr. Norman, did you ask him to fill out
8  the FLU forms?
9          PROBATION OFFICER:  I did.  On June 3rd I sent it -- I
10 sent the information to him and I said to him that he can send
11 it directly to the FLU unit.  He then responded and said he
12 didn't have a condition.  And then on June 24th is when I said
13 if you feel better about sending it to me you can send the
14 information to me.
15         THE COURT:  What else, Mr. Bernegger?
16         MR. BERNEGGER:  Your Honor, the written order that the
17 Court and the Government just cited, document 454, is null and
18 void because the oral order of document 458 on page 32 takes
19 control.  If there's any dispute between the two, the oral order
20 takes control.  So doc 454 is moot.
21         And I'll point also, even with doc 454, the written
22 order, it says for me -- it said for me to comply with a
23 debtor's examination.  One, I did it.  I did comply with that.
24 It doesn't say it's going on and on and on and you're going to
25 do it every year or -- all it said is "a debtor's examination."

1 And I submitted to it.

2 So even with the written order, I complied with it.
3 And the request from FLU did come -- for the FLU financial
4 documents, did come from FLU. A paralegal named Kim out of the
5 Milwaukee office, the request came from her. The request was to
6 send information to her, it was not for my probation officer to
7 provide to the court. I've done that.

8 I filled out a financial -- affidavits earlier this
9 year somewhere, I think April, and my probation officer has
10 that. He requested again in June with a deadline of July 1st,
11 and I did that.

12 I filled out a third financial affidavit to do the
13 Seventh Circuit appeal, and that was I think the last week of
14 June. That's the third one. I did a fourth financial
15 information filled out to the court for getting the May 24th
16 hearing transcript fee waived. Plus, I've done the monthly
17 financials online on time.

18 So the number of financials I've submitted to the
19 court, it exceeds 10 in one year. And this is July's. It's
20 only half the year.

21 THE COURT: Mr. Roach, why does your Financial
22 Litigation Unit need a special form? What's wrong with what
23 he's already completed?

24 MR. ROACH: I believe the FLU documents --

25 THE COURT: You do not have access to that?

1  MR. ROACH: I believe the FLU documents are more
2  comprehensive and allow -- beyond just the defendant's assets,
3  it encompasses potential assets that he's using, that he may
4  have an interest in.
5  So it's a more comprehensive document. And the
6  defendant submits it once. It isn't something -- he hasn't
7  submitted to a debtor's exam since 2016. This is something he
8  submits to once and FLU isn't going to be asking for it month
9  after month after month. It's a -- from the government's
10 perspective it's a reasonable condition of his supervised
11 release.
12 MR. BERNEGGER: May I respond, Your Honor?
13 THE COURT: Yes.
14 MR. BERNEGGER: Your Honor, it's not the time for FLU.
15 They're a civil debt collector unit of the Government, of the
16 Department of Justice. The Department of Justice policy on
17 their public web page states they are supposed to follow the
18 Fair Debt Collection Practices Act. There is no -- which is a
19 strict liability law. There is no debt due. Today there's
20 nothing due. There's a hundred dollars due next week some day,
21 whatever date it is, the 24th, but there's no debt due.
22 So they don't have any authority to come and ask for
23 anything under the Fair Debt Collection Practices Act. If they
24 want me to fill out a financial form on September 25th, or it
25 might be the 24th -- I'll say the 25th, I'll agree to do it. My

1  whole argument is, they don't have any authority now and they're
2  trying to use the probation officer and/or the Court as a straw
3  man or agent or a proxy, and there's no legal authority --
4          THE COURT: You'll do it on the 24th, but you won't do
5  it today.
6          MR. BERNEGGER: There's no legal authority to do it
7  per the caselaw I've cited. It's in document 78 and 79. And I
8  filed that on June 14th. June 17th, per the docket. And that's
9  where the case laws are cited. I think there's 14 case laws I
10 cited.
11         MR. ROACH: If I may respond, the only limitation with
12 FLU is if they are collecting debts at this time that aren't
13 due; again, if they are garnisheeing wages, if they're seizing
14 assets that are beyond what the Court has ordered.
15         That's not happening in this case. This is the mere
16 request to submit to a financial disclosure. FLU is part of all
17 our plea agreements, Judge. And nationwide, as I understand,
18 all of our plea agreements that go through you, and have been
19 for decades, have a condition that the defendant will comply
20 with FLU requirements.
21         Before Probation discharges an individual, it is
22 routine, if not always the case, that FLU has been involved at
23 least in negotiating or setting a payment plan. Not collecting,
24 but setting a payment plan prior to discharge so Probation can
25 advise this court whether discharge is satisfactory or whether

1  there are procedures in place for the collection of restitution.
2  And make no mistake about it, in the next couple of months,
3  absent winning the lottery, there will be a -- there is a debt
4  owed now of $1.7 million --
5      MR. BERNEGGER:  Objection, no, there's not.
6      THE COURT:  Yeah, there's a $1.7 million.  I've set a
7  payment schedule.  That isn't a substitute for your debt.  Now
8  stop it.  There's a debt of $1.7 million you owe.
9      MR. BERNEGGER:  Not today, Your Honor.
10     THE COURT:  You owe it now.
11     MR. BERNEGGER:  The statute --
12     THE COURT:  If you have the money to pay it you'd pay
13 it now.  I allow you to -- as a condition of your supervision
14 I've ordered you to pay at least a hundred dollars a month.
15 Now, let's not quibble.
16     MR. BERNEGGER:  Your Honor, I object.  Statute 18 3572
17 specifically states if I can't pay the full amount now, the 1.7
18 million and what the change numbers are, the statute states it's
19 not due, it's -- instead it triggers 18 U.S.C. § 3664(f)(2) to
20 set a monthly payment amount.  That's my point.
21     THE COURT:  You owe $1.7 million, Mr. Bernegger.
22 That's the key fact here.  You were ordered to provide your
23 probation officer access with any requested financial
24 information.  You're to follow the reasonable directions of your
25 probation officer.

1        I am going -- your probation officer is within his
2   authority in directing you to complete the FLU forms.  You are
3   to complete the FLU forms.  If you fail to complete them in the
4   next week and your probation officer reports that, I will
5   consider that a violation and you'll take the consequences.
6        If you have as little as you claim, if you have no
7   assets, it should be a simple matter to write "no" or to leave
8   blank and to sign the form.  This is not onerous for you to
9   complete.  And it assists your rehabilitation by providing a
10  vehicle for you ultimately to help pay your restitution.  It's a
11  reasonable request.  It's a more thorough form than the
12  financial affidavits that you filled out so far.  I don't
13  believe it's intended for purpose of harassment.  It's intended
14  for purposes of assisting your probation officer and knowing
15  what you have, what assets you have, but also in transferring
16  responsibility for collection of the restitution to the U.S.
17  Attorney's Office.
18       So they are not -- as long as you're under the payment
19  plan there'll be no efforts to collect.  But the information is
20  financial information that you were required to disclose as a
21  condition of your supervision, and I'm directing that you comply
22  with that.  Your agent has directed you to do that, now the
23  court is directing you to do that.
24       And even though the collection is not going to begin
25  until after you complete your supervision, that is expected to

1 go -- happen shortly, within a couple of months.

2 Any questions?

3 MR. BERNEGGER: No, Your Honor.

4 THE COURT: Anything further?

5 MR. ROACH: Not from the Government.

6 THE COURT: There are many motions that Mr. Bernegger
7 has filed here.

8 Motion for a medical expert. We're not going to incur
9 the expense of having a doctor appointed by the Court to examine
10 Mr. Bernegger. If Mr. Bernegger has medical conditions that
11 prevent him from working, then he has doctors that have told him
12 that. He's referred to doctors in his affidavit, not by name,
13 but just generally repeating what he says doctors have told him.
14 He can obtain those reports and submit those if his claim that
15 his inability to work is due to medical reasons.

16 His motion to quash. And there are many motions to
17 quash here.

18 Motions for order. Motions to strike. Motions to --
19 order directing probation officers to answer questions, to
20 appear in front of him, to --

21 Let me go through these just so we have a cleaned-up
22 docket here.

23 So his motion to quash the imposition of a new
24 supervised release condition is denied. It's not a new
25 condition. It's a specification of the general request. So

1  that's 78.
2  74 is denied. That's the motion for medical expert.
3  82, a motion to request, request for financial
4  statements is denied.
5  Motion for order directing Kevin Norman to answer
6  Defendant's questions is denied. Mr. Norman is not here on
7  trial. Mr. Norman does not owe $1.7 million in restitution.
8  Motion to strike and motion to modify special
9  conditions, 88, is denied.
10  94, a motion to stay modifications is denied.
11  100, a motion to seal is --
12  What did you want to seal, Mr. Bernegger?
13  MR. BERNEGGER: My medical affidavit.
14  THE COURT: That'll be granted.
15  Motion for order for waiver of fee for July 12th
16  hearing transcript. I'll grant that motion. He may have a
17  transcript of the July 12th hearing.
18  And are you requesting a transcript of today's hearing
19  as well, Mr. Bernegger?
20  MR. BERNEGGER: Yes, Your Honor.
21  THE COURT: I'll direct that that be granted as well.
22  Anything else?
23  PROBATION OFFICER: Your Honor, could I just clear up
24  the medical situation?
25  THE COURT: Yes.

1  PROBATION OFFICER: So, Mr. Bernegger does provide me
2  with documents. And it's very clear that he's gone to the
3  doctor, has back pain and some back issues. What I'm saying is
4  that there's nothing in the documents that a doctor says
5  Mr. Bernegger can't lift 20 pounds, can't stand for eight hours,
6  can't do this.
7  So while I'm not doubting he has back pain and goes to
8  the doctor for the back pain, there's just no -- there's no work
9  restrictions in the information he gives me. And it's not --
10 and part of that is probably he's not asking them to put in if
11 he has work restrictions. So that's kind of where we're at with
12 that.
13 THE COURT: Okay. Well, I -- you know, I note last
14 hearing your report indicated he was showing that he was seeking
15 employment --
16 PROBATION OFFICER: Correct.
17 THE COURT: -- but had not received a job. So as I
18 understand it he's not claiming he's unable to work, he's
19 claiming "I can't find work I can do." If that's the case --
20 And Mr. Bernegger, in all honesty, you know, we're not
21 in a position to follow you around or investigate with whoever
22 you apply with for jobs. And if you're paying a hundred dollars
23 a month as I directed, you're probably going to complete your
24 supervision, whether successful or unsuccessful, and go on.
25 That's where we are.

1      I made clear last time that despite the confusion in
2 the notice to appear, Probation was looking to put some
3 condition -- require some payment from you, not to revoke.  And,
4 as I said, if you read the full thing, you would see that
5 they're asking for a modification of condition to order you to
6 make some sort of payment.  That's what I did.  And that's what
7 you're under and you're complying with it.
8      Now I'm ordering you -- I'm clarifying and ordering
9 you to comply with the directions that Mr. Norman has given you
10 that's consistent with the conditions you're under to complete
11 the Financial Litigation Unit's disclosure form.  And that's
12 where we are.
13      All right.  Anything else?
14      MR. ROACH:  No, thank you.
15      THE COURT:  Thank you.  This matter is concluded.
16      (Hearing concluded at 11:25 a.m.)
17                       *     *     *

C E R T I F I C A T E

I, JOHN T. SCHINDHELM, RMR, CRR, Official Court Reporter and Transcriptionist for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing pages are a true and accurate transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

Signed and Certified July 26, 2019.

/s/John T. Schindhelm

John T. Schindhelm

>
> John T. Schindhelm, RPR, RMR, CRR
> United States Official Reporter
> 517 E Wisconsin Ave., Rm 236,
> Milwaukee, WI 53202
> Website: WWW.JOHNSCHINDHELM.COM

